IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDER KONOVOLOV<br>  a/k/a NoNe<br>  a/k/a none_1<br>MARAT KAZANDJIAN<br>  a/k/a phant0m<br>VLADIMIR GORIN<br>  a/k/a Voland<br>  a/k/a mrv<br>  a/k/a riddler<br>GENNADY KAPKANOV<br>  a/k/a Hennadiy Kapkanov<br>  a/k/a flux<br>  a/k/a ffhost<br>  a/k/a firestarter<br>  a/k/a User41<br>EDUARD MALANICI<br>  a/k/a JekaProf<br>  a/k/a procryptgroup<br>KONSTANTIN VOLCHKOV<br>  a/k/a Elvi<br>RUSLAN VLADIMIROVICH KATIRKIN<br>  a/k/a stratos<br>  a/k/a xen<br>VIKTOR VLADIMIROVICH EREMENKO<br>  a/k/a nfcorpi<br>FARKHAD RAUF OGLY MANOKHIN<br>  a/k/a frusa<br>ALEXANDER VAN HOOF<br>  a/k/a al666 | Criminal No. 19-104<br><br>[UNDER SEAL]<br><br>|

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Charles A. Eberle, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

# I. THE INDICTMENT

A federal grand jury returned a three-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to Commit Computer fraud.<br><br>October 2015 – December 2016 | 18 U.S.C. § 371 | ALL DEFENDANTS |
| 2 | Conspiracy to Commit Wire and Bank fraud.<br><br>October 2015 – December 2016 | 18 U.S.C. § 1349 | ALL DEFENDANTS |
| 3 | Conspiracy to commit money laundering.<br><br>October 2015 – December 2016 | 18 U.S.C. § 1956(h) | ALL DEFENDANTS |

# II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of computer fraud conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one

other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

    4.  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.  As to Count 2:**

In order for the crime of wire fraud and bank fraud conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.  That the conspiracy, agreement, or understanding to commit violations of wire fraud (18 U.S.C. § 1343) and bank fraud (18 U.S.C. § 1344), as described in the Indictment, was formed, reached, or entered into by two or more persons.

    2.  At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal Jury Practice and Instructions § 31.03 (2002) (revised to exclude overt act requirement, see Whitfield v. United States, 125 S.Ct. 687, 691 (2005); United States v. Shabani, 513 U.S. 10, 16 (1994)).

**C.  As to Count 3:**

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h).

2. That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h).

3. That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998);
> 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

### III. PENALTIES

**A. As to Count 1: Conspiracy to Commit Computer Fraud (18 U.S.C. § 371):**

1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a) imprisonment of not more than 5 years (18 U.S.C. § 371);

    (b) a fine not more than the greater of;

        (1) $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

B. **As to Count 2: Conspiracy to Commit Wire Fraud and Bank Fraud (18 U.S.C. § 1349):**

1. Imprisonment of not more than thirty (30) years as prescribed for the offense of bank fraud, which was the object of the conspiracy (18 U.S.C. §§ 1344 and 1349);

2. A fine not more than the greater of:

(a) $1,000,000 (18 U.S.C. § 1344);

or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583);

4. Any or all of the above.

C. **As to Count 3: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)):**

1. A term of imprisonment of not more than twenty (20) years;

2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

5

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Charles A. Eberle*
CHARLES A. EBERLE
Assistant U.S. Attorney
PA ID No. 80782